# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                                          5:24-cr-97-TPB-PRL

**DANIEL CHARLES BALL**

_____/

### ORDER

Mr. Ball is charged in a multi-count indictment in the U.S. District Court for the District of Columbia for offenses he is accused of committing on January 6, 2021. (1:23cr160). That indictment was returned on May 10, 2023. He was arrested in the Middle District of Florida on May 2, 2023 (on a complaint and warrant out of the District of Columbia (1:23mj88)) and he remains in custody on those charges there.

He is also charged here in the Middle District of Florida in a one-count indictment for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) for an offense he is accused of committing on May 2, 2023. (5:24cr97, Doc. 1). That indictment was returned later, on August 6, 2024, and he has not been seen in this district on that offense, as he remains in custody outside this district on the earlier offense. He has retained counsel and has filed a motion to be arraigned here "in absentia" and to compel discovery. (Doc. 8).

Essentially, Mr. Ball argues that he seeks to waive his appearance at an arraignment under Fed. R. Crim. P. 10(b) to afford him protection under the Speedy Trial Act, to avoid some prejudice that isn't directly argued in the motion but he seeks to incorporate by reference from a status hearing in the District of Columbia case, and to compel the government to produce discovery. (Doc. 8).

The motion is **denied**. As an initial matter, while Fed. R. Crim. P. 10(b) provides a mechanism for a defendant to waive his appearance at an arraignment, a defendant need not be present for the arraignment only if the court also accepts the waiver. Fed. R. Crim. P. 10(b)(3). The advisory committee notes to the 2002 amendments to the rule make clear that the court retains discretion to permit or deny the requested waiver. Among other things, the notes recite: "The question of when it would be appropriate for a defendant to waive appearance is not spelled out in the rule. That is left to the defendant and the court in each case." Indeed, the notes go on to state: "If the trial court has reason to believe that in a particular case the defendant should not be permitted to waive the right, the court may reject the waiver and require that the defendant actually appear in court." Fed. R. Crim. P. 10, Advisory Committee Notes, 2002 Amendments.

Here, the defendant's arguments for setting an arraignment without the presence of the defendant are unpersuasive. The defendant's earlier filed criminal proceedings in the District of Columbia would currently preclude his presence here, and his absence from proceeding here because of his proceedings there would be excluded in his speedy trial computations. While he mentions that a delay in holding an arraignment here would prejudice him in the proceedings, he doesn't explain how or, even where he attempts to in his unauthorized reply (Doc. 11), cite cases substantiating a basis for his theory of prejudice. And finally, with respect to discovery that would arguably guide the defendant's decision-making, the government states that he has already received "all or substantially all discoverable information and materials he would be entitled" from the discovery in the Washington D.C. case because "all materials created in connection with the search of his residence on May 2,

2023," which arose from that case, gave rise to the case pending here in the Middle District of Florida. (Doc. 10).

**IT IS SO ORDERED** in Ocala, Florida, on January 3, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record